UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| INTERMOUNTAIN FAIR HOUSING COUNCIL, INC., <br><br> Plaintiff, <br><br> vs. <br><br> ROOFTOP REAL ESTATE MANAGEMENT, INC., MARTIN C. GREALISH, TERI L. GREALISH, and H. PAUL HEYDE, <br><br> Defendants. | Case No.: CV 11-00203-REB <br><br> **CONSENT ORDER** |

**A. Background**

1.  This Consent Order is entered between the Plaintiff Intermountain Fair Housing Council, Inc. and the Defendants Rooftop Real Estate Management, Inc., Martin C. Grealish, Teri L. Grealish and H. Paul Heyde.

2.  The real property that is the subject of this action is located at 442 Raven Way, Apartment B, Chubbuck, Idaho 83202 (hereinafter "Raven Way Property") and 1515 Stevens Street, Ammon, Idaho 83401 (hereinafter "Stevens Street Property").

3.  This action is brought by the Plaintiff for declaratory judgment, permanent injunctive relief and damages on the following bases: Count One—Discrimination on the Basis of "Handicap" in Violation of the Fair Housing Act and its Implementing Regulations; and Count Two—Negligence.

**CONSENT ORDER - 1**

**B. Parties**

1.      The Plaintiff is a private nonprofit organization organized under the laws of the State of Idaho with its principal place of business at 350 North 9th Street, Suite M-100, Boise, Idaho 83702. Its mission is to advance equal access to housing for all persons without regard to race, color, sex, religion, national origin, familial status, or disability, and to increase the pool of accessible housing available to the disabled. The Plaintiff serves persons with disabilities through, among other things, education on the fair housing laws, assistance with complaints, and referrals to accessible properties. The Plaintiff also provides education and outreach on fair housing laws and practices to housing consumers, housing providers, builders, architects, and others.

2.      The Defendant Rooftop Real Estate Management, Inc. (hereinafter "Defendant Rooftop") is an Idaho corporation located and doing business in the State of Idaho. The Defendant Rooftop is the property management company with regards to the Raven Way Property and the Stevens Street Property. Its principle place of business is 3456 East 17th Street, Suite 210, Ammon, Idaho 83406.

3.      The Defendants Martin C. Grealish and Teri L. Grealish are the owners of record of the Raven Way Property.

4.      The Defendant H. Paul Heyde is the owner of record of the Stevens Street Property.

**C. Applicable Legal Requirements**

1.      The relevant portions of the Fair Housing Act prohibit the following:

   a.      Discrimination in the sale or rental, or otherwise made unavailable, a

**CONSENT ORDER - 2**

dwelling because of "handicap", 42 U.S.C. §3604(f)(1);

        b.        Discriminatory terms, conditions or privileges in the sale or rental of a dwelling because of "handicap", 42 U.S.C. §3604(f)(2);

        c.        Refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling, 42 U.S.C. §3604(f)(3)(B);

        d.        Making, printing or publishing a notice or statement with respect to the sale or rental of a dwelling that indicates a preference, limitation or discrimination based on "handicap", 42 U.S.C. §3604(c); and

        e.        Interference, coercion or intimidation, 42 U.S.C. §3617.

        2.        The prohibition on negligence arises under Idaho state common law and requires individuals to use reasonable care to avoid injury and to prevent unreasonable, foreseeable risks of harm to others.

        **D. Consent of the Parties to Entry of this Order**

        1.        The parties to this proceeding agree that this Court has jurisdiction over the subject matter of this case pursuant to 42 U.S.C. §3613 and 28 U.S.C. §§1331, 1332, 1337, 1343 and 2201. The parties further agree that this controversy should be resolved without further proceedings and without an evidentiary hearing.

        2.        The Defendants deny that they have violated the law, and this Consent Order does not constitute any admission of liability on the part of the Defendants.

        3.        As indicated by the signatures appearing below, the parties hereto agree to entry of this Consent Order.

**CONSENT ORDER - 3**

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:**

  A. **Monetary Damages.** The Defendant will pay the total sum of TWELVE THOUSAND AND NO/100 DOLLARS ($12,000.00) in monetary damages to the Plaintiff Intermountain Fair Housing Council, Inc. Said payment shall be made payable to "The Trust Account of Ken Nagy, Attorney at Law" and shall be delivered within 14 days of the entry of a settlement agreement to counsel for the Plaintiff at: Ken Nagy, P.O. Box 164, Lewiston, Idaho 83501.

  In addition, the Defendants shall pay the total sum of ONE THOUSAND AND NO/100 DOLLARS ($1,000.00) to Rebecca Ayre, the total sum of ONE THOUSAND FIVE HUNDRED AND NO/DOLLARS ($1,500.00) to Tamryn Taylor, and the total sum of FIVE HUNDRED AND NO/100 ($500.00) to Marylayne Jenkins. Said payments shall be delivered within 14 days of the entry of a settlement agreement to counsel for the Plaintiff at: Ken Nagy, P.O. Box 164, Lewiston, Idaho 83501. Counsel for the Plaintiff shall be responsible for distributing said payments to the above-named individuals.

  B. **Fair Housing Education.** Two representatives of the Defendant Rooftop who consider and process reasonable accommodation requests from tenants or applicants on behalf the Defendant Rooftop shall complete a fair housing compliance training course regarding the requirements of the Fair Housing Act which shall consist of two to three hours of training time within ten (10) months of entry of this Consent Order. Said fair housing compliance training course shall be provided by the Plaintiff at no cost to the Defendant Rooftop in the Idaho Falls, Idaho area at a time and location to be determined by agreement between the Plaintiff and the Defendant Rooftop.

**CONSENT ORDER - 4**

  **C.** **Maintenance of Non-Discriminatory Policy.**  The Defendant Rooftop shall not charge a deposit to individuals who otherwise qualify to have a service or companion animal under the Fair Housing, 42 U.S.C. §3601 et seq. In the event that a party seeks to enforce this provision as a violation of this Consent Order, the Court will require a showing that the alleged violation is somehow connected to this proceeding.

  **D.** **Withdrawal of Administrative Complaints.**  The Plaintiff, Rebecca Ayre, Tamryn Taylor and Marylayne Jenkins shall withdraw any and all fair housing complaints currently pending with the United States Department of Housing and Urban Development (hereinafter "HUD") arising out of, resulting from, or connected with actions and events that are at issue in this proceeding, and they shall not refile such complaints with HUD or any other government entity.

  **E.** **Duration of Consent Order and Termination of Legal Action**

  1. This Consent Order shall remain in effect for twelve (12) months after the date of its entry.

  2. The Verified Complaint and Demand for Jury Trial (Doc. 1) and the Amended Verified Complaint and Demand for Jury Trial (Doc. 6) filed in this proceeding are dismissed with prejudice. The Court, however, shall retain jurisdiction for the term of this Consent Order to enforce the terms of this Order.

  **F.** **Attorney's Fees and Costs.** Each party hereto shall bear its own attorney's fees and costs associated with this action. However, any party hereto may seek judicial enforcement of this Consent Order. Should any party initiate litigation to enforce the terms of this Agreement, the prevailing party shall be entitled to an award of its attorney's fees and costs incurred in such

**CONSENT ORDER - 5**

action.



DATED: **November 17, 2011**

_____
Honorable Ronald E. Bush
U. S. Magistrate Judge

**CONSENT ORDER - 6**